## GILREATH v. GREENVILLE CO.

SALARY—FEES—SHERIFF.—The salary act of 1902 gives the sheriff of Greenville County a salary for all services performed for county, and he cannot collect fees of county for serving papers issued in criminal case issued by magistrate.

Before WATTS, J., Greenville, December, 1902. Reversed.

Controversy without action of J. D. Gilreath against Greenville County. From Circuit order, defendant appeals.

*Messrs. T. K. Earle and Shuman & Muckenfuss,* for appellant, cite: 23 Stat., 1075; Code, 1902, 850; 23 Stat., 984-989; Code, 1902, 1024; 21 Stat., 275, 1085; 22 Stat., 478-22; 40 S. C., 445.

*Mr. Adam C. Welborn,* contra, cites: Gen. Stat., 2437; 18 Stat., 164; Rev. Stat., 2561; 22 Stat., 740; Code, 1902, 3118; 23 Stat., 989; 40 S. C., 445; 20 Stat., 462; 56 S. C., 411; 23 Stat., 1075.

February 2, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is a controversy without action, for the purpose of determining whether J. D. Gilreath, as sheriff of Greenville County, is entitled to a fee of two dollars and twenty cents for services rendered in arresting a person under a warant, charging him with assault and battery with intent to kill, issued by L. K. Clyde, a magistrate for the city of Greenville, S. C.

His Honor, the Circuit Judge, ruled that neither the general salary law nor the magistrates' and constables' acts of 1902, impose upon the sheriff of Greenville County the duty of serving process in magistrate courts without compensation. The sole question in the case is whether said ruling was erroneous.

In 1902 (page 1075), an act was passed, entitled "An act to fix the amount of the compensation to be paid to the county officers of the various counties of the State." Section 4 of that act provides, "that the sheriff of the various counties of this State, shall receive annual salaries in lieu of all costs and fees chargeable against the county, as follows: * * * Greenville, twenty-two hundred dollars." Section 17 contains the usual clause repealing all acts or parts of acts

inconsistent with the statute. The plain intention of the act is that the sheriff of Greenville County should not receive any compensation whatever except the salary of twenty-two hundred dollars, for the rendition of all services by him as sheriff theretofore chargeable against the county.

In section 3118 of the Code of Laws, prescribing fees for the sheriffs, is the following clause: "For the service or execution of papers issued by a magistrate, the sheriff or his deputy serving or executing the same, shall be allowed the same fees as are allowed to constables." This provision is inconsistent with the foregoing act of 1902, at least in so far as Greenville County is concerned, and is, therefore, inoperative in that county.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.